The next matter, number 22-1677, United States v. Guillermo Gonzalez-Santillan. At this point, at this time, would counsel for the appellant, please introduce himself on the record to begin. Good morning, Your Honor. My name is Raul Maria de Franco, on behalf of Mr. Gonzalez-Santillan. May you please record. This case, contrary to the last one, which was a trial case, this case involved a plea agreement and it was a claim for breach of the plea agreement. Basically, the two arguments, both of them goes to the same point. My main subject I want to cover this morning is, is kind of give the court the procedure. And why Mr. Gonzalez-Santillan believes that a clear breach occurred in this case. There's no doubt that Mr. Gonzalez-Santillan didn't appear for his sentencing. That's not a question at all. The issue here is that once he's arrested, nothing happens in the record. A PSR is filed, doesn't include points for obstruction of justice. And then the government, without filing any other document, without seeking from the court an order regarding breach, simplifies an objection. That obviously was not contemplated in the original plea agreement. The original plea agreement doesn't have a breach clause. Do you agree that your client's failure to appear in sentencing was a breach? That's an interesting point. I think it's pretty simple. It's an interesting point because the government doesn't cite a first-degree case for that. It cites a second-degree opinion, which says that rules, that absconding is basically an implicit breach. And I'm prepared to argue both arguments, but our contention is that given the fact that the plea agreement was cited and given the fact of how first-degree law is at this time, the court shouldn't consider that an implicit breach. So, counsel, you're talking about the United States v. Unions case. Yes. You may know him fairly well. I know. So how should we handle that? Yeah. What I would say is that that case, Your Honor, brings an interesting issue of notice and due process, in the sense that— Do you think there's a notice or due process issue about whether the defendant shows up for sentencing after he's plead guilty? What I would—well, even considering that, if we concede that there's an implicit breach, the proper procedure would be not for the government to—for itself, and on its own, decide there's a breach. So I'm going to do whatever I want to do. If there's a breach, it's the court who has to decide whether a breach has occurred. And the proper procedure would be to file a motion, because the government has to— And why this is important. The government has different alternatives. The government can terminate the agreement. If there's a breach, assuming the implicit favor to appear sentencing implicit breach, the government has the opportunity to withdraw from the agreement and then we go to trial. Could we reverse here without disagreeing with unions? Yes. Because the government, even assuming there's an implicit breach, the government never provided the court notice of that implicit breach, never provided notice to the court of what was their intention, its intentions as to that breach, whether it was to terminate the agreement, and withdraw from the agreement, or ask for a specific performance. So what happens is that the court assumes there's a breach, files a motion, and then it goes to sentence, and says there's no agreement. We are out of any duty in the agreement, in the same sentencing agreement, and then even goes further and asks for the higher end, which the sentencing judge says you cannot do that. I have a question about that as well. So I would say that the issue, if I may end it where I started, the issue with my difference with the seven-circuit opinion in terms of implicit, even though the first circuit, there's an opinion that mentions the case. The issue is that defendant should, the plea agreement is not a simple contract. It's a contract protected by constitutional considerations. A defendant should have proper notice of his rights, and that's why the government for many years have used breach clauses. So the defendant is advised of the consequences of a breach. Here, there's no breach clause. Yes, you're right. But my understanding, and please correct me if I'm wrong, is that defense counsel below really wasn't objecting to the two-level adjustment before the sentencing. The government argues, in fact, that defense counsel below accepted the two-level adjustment and said nothing whatsoever to suggest that there was an objection to it until afterwards. Can you respond to that? Because that seems relevant to the notice or the judgment that you're making. What I will say to that, Your Honor, is that if the court looks at the scheduling of this case, how it occurred, trial counsel, which I was the sentencing counsel, was appointed in late May, and the court basically gave like one month or two months for preparation for sentencing for a person who had been 13 years living outside Puerto Rico. So there was a delay in handling that matter, and when the PSR was filed, there was an opportunity to respond to the motion from the government. Once the government basically sent the motion, the probation officer immediately amended the PSR, and on the eve of sentencing, a sentencing memorandum was filed with the objection. If you look at the sentencing memorandum, there's an objection. At the sentencing hearing, when the court advises defense counsel, the late filing, a request for a continuance was requested. It was denied, but the court never said, the court said it was a late filing, but the court never rejected the sentencing memorandum. The court never addressed the sentencing memorandum objections besides saying, please cover a different matter. So that was, in our view, that was not a matter that we could bring to the court in the sense that there was never a denial, outright denial of the sentencing memorandum. And, or even of the, or any impact in the requested continence, which the court declined to do. So I will submit that even though common practice here in this district, even though there are local rumors, even the court had the power to exclude the sentencing memorandum. Once the court didn't exclude the sentencing memorandum, once the court allowed the sentencing hearing to go forward, then that sentencing memorandum and its objection is there on the record and is preserved. And again, it was preserved at the sentencing hearing. Counsel, did I understand correctly that the defendant was arguing that in sentencing here, that one mitigating factor was that his children had to travel to the Dominican Republic to see him for so many years? Yeah, one of the many mitigating factors was that he was, there was an issue with, his brother was going to go to jail. His mother had some needs. So he had basically, and he had like, he was put into a very tough situation of having his mother not having any benefits. His children were in the Dominican Republic living there. So as stated in the sentencing hearing, he made the wrong decision and decided to go to Spain. And so yes, it was one of the issues. Okay. That is, does sort of echo the old classic line about someone who murdered his parents throwing himself off the mercy of the court. I do understand that there's little, if any, argument that can be solidly made for a person who fails to appear in sentencing. The court demands respect, and the court has a, you know, citizens were involved, and the court has a right to. But that doesn't mean the government simply, you know. So let me get, I'm trying to understand, I'm hearing something new this morning, where you seem to be saying, well, there's a procedural problem, that the government couldn't just, in essence, decide, we think the defendant is breached, and therefore we're going to go forward with a recommendation that is no longer consistent with what was agreed to 13 years before, and before the defendant was gotten. If the government is right about its position, hey, what's the procedural problem? Well, I'm not saying it's new. What we argued in the brief was that the government basically filed us a motion that was not included in the agreement. Well, you're familiar with the notion of first breach of contract, which is what this sure looks like. But I would agree that if the government is not certain that there's been a breach, perhaps it should seek a declaration from the district judge on that. But this is about as clear as it gets. Well, I understand that. What I would say to that, Your Honor, is that parties doesn't have the right to decide unilaterally when there's a breach, in any case. I'm sorry? A party doesn't have a right to decide what that the other party... Sure, it does. It happens in contract law all the time. Yeah. Now, you take your chances. Yeah. You're right or you're wrong. You may be, the court may disagree. But as I say, when it's this clear, it's not a high-risk decision. Yeah, and what I would say to that is that the parties can say that. But once, it has to go to a court. The court is the only entity that has a power to decide whether an actual breach occurred. Yeah, but it does go to, it has gone to the court. The government has made a decision in terms of breach, just like you do in any other contract breach case. And then the court ratifies that, yeah, there was a breach. And I try to use a common contract practice. The court will ask the party, what are you asking for? Are you asking for termination of the agreement? Are you asking for specific enforcement of sole mortuos? There's nothing like that. Well, it's very obvious what happened. The government treated itself as free from its commitments as to a sentencing recommendation that went forward. There was discussion. I was a little surprised the district judge thought the government wouldn't be bound by the low end of whatever the range would be. So that term is somehow still binding. But I just don't see the machine going by. Yeah, I would only say this to finish. That's based on the implicit understanding that there's a breach. Because again, there's nothing on the record. There's nothing on the record speaking of breach before the sentencing hearing. And then again, I go back to this. For many years, this is a 2008 case. The court can go back and find on the record different appeals, breach clauses going back to 2000, even before that. The government didn't include that. The government decided what's included in the agreement. There's many cases that says that. So without, so there's no breach clause in this particular agreement. If we imagine a different past, the defendant shows up on time for a scheduled sentencing hearing and the government asks for a high-end guideline, you're entitled at that point to claim breach secretly, right? Of course. Without a breach clause. Of course. Government can do the same, right? If there's a breach, but then again, that will depend on whether the court finds that in. Understood. There's a breaching breach, given our favor to appear. Thank you, Counselor. Thank you, Counselor. At this time, counsel for the government can please introduce themselves on the record to begin. Good morning, Your Honor. And may it please the court. Ricardo Humbert Fernandez for the United States. The government was released from its obligations under the plea agreement because the defendant breached it when he absconded and remained a fugitive for 13 years. As such, there was no action the United States could take that would result in a breach of the plea agreement. The defendant simply was not entitled to the benefits of an agreement he himself tore apart when he made a judicial process. Counsel, how do you respond to your opposing counsel's argument that procedurally what the government should have done was gone to the court first and actually obtained a determination that there was in fact a breach? Yes, Your Honor. There are multiple parts to my answer to that argument. The first would be that it's raised at oral argument for the first time. His opposing counsel's brief does include a general claim of breach, but nowhere in there does he make an affirmative argument that the government had any obligation to affirmatively withdraw from the plea agreement through a entry in the docket or something or to seek judicial fight of the district court to withdraw from the plea agreement. So that argument, the government believes, is waived. But to get to the merits of the argument, this circuit's case law has never required the government to seek such, seek permission of the court to withdraw from a plea agreement once it has been breached by a defendant. And the Seventh Circuit opinions that the government relies  on, Halopan and Munoz, don't apply that requirement either. I'd like to, the court would allow me, I'd like to cite from United States' B. Ramirez and United States' B. Gonzalez-Sanchez, both for circuit cases that are cited in our brief. The language there is quite clear. It says, if the defendant lives up to his end of the bargain, the government is bound to its promises. On the other hand, if the defendant fails to fulfill his promises, the government is released from the agreement. There is no requirement in there for the government to seek permission of the court to withdraw, but the terms speak quite clearly. But were there specific breach clauses in that, in those plea agreements that were issued in that case? In other words, do you think there's a difference if there's no breach clause, as there wasn't here? Of course there is, and it's, the difference is actually to the government's benefit in this case, because there being no specific clause that sets out specific procedures for what would occur in the event of a breach, as there is in Gardner and Tilly, which are both cases that the, my opponent cites, there being no specific language in there, no specific clause to address that eventuality, then the event of a breach is addressed by traditional contract principles, and traditional contract principles have never imposed a duty on one, on the aggrieved contractual party to run to the court and ask for permission to then not perform a obligation which it had before the breach occurred. That is a fundamental principle of contract law. The breach or the non-performance of one party discharges the obligations of the other party. It's the first breach doctrine that Judge Hamilton referred to a little before. And do you think that's true for the defense as well? In other words, they can decide unilaterally when the government has breached and then decide not to comply with the agreement? Your Honor, yes, there is a clear breach by the government in the case, and there is a obligation that is still left to perform by the defendant, which in the usual case there isn't, of course, because the defendant's performance after, usually, well, what I was trying to say is that the government's breach has usually occurred at sentencing after the defendant has made his arguments appear and fulfilled most of his duties. But I'd like to point out a specific example where defendants unilaterally, in a way, don't perform an obligation under the plea agreement once they understand that the government has breached it. And, of course, that refers to the waiver of appeal provisions that are standard in most plea agreements. Under those provisions, a defendant agrees not to appeal a sentence if certain parameters are met at sentencing. Sometimes the government breaches or there are allegations or a belief of breach by the defendant of the government's specific performance at sentencing, and the defendant goes on to file an appeal without first asking permission to file an appeal for anyone. They file an appeal notwithstanding that there's a waiver of appeal provision because they understand that the government has breached and they are thus free to seek an appeal. So that is a specific example of when a defendant might understand himself to be free from his plea agreement obligations by the mere virtue of a breach undertaken by the government. Counsel, can you help us understand how the probation office did not find obstruction when you were in the DSR and submitted? I, I, I, no, Your Honor. I, I, I think it's... No, okay. Can you help us understand... If the government had been asked... Can you help us understand why the district judge thought the government was still bound to argue for a low-end guideline range after the defendant's rather fundamental breach? Yes, Your Honor. I believe the, the district court understood the agreement differently and, or at least understood that the agreement did not prohibit that, that conduct, but the... No, I think, I think you're corroborating that a little bit. Once the defendant breached your position because the government was released from Columbus. Yes. But the district judge seemed to disagree and thought that at least the low-end and then the... was still lying to the public. Well, Your Honor, it didn't seem to disagree when the government, which was another point in answer to the, the previous point, the government, the district court did not seem to disagree with the fact that the government was, was free to recommend a, a sentence outside of the, the plea agreement or free to, to do, to seek whatever recommendation they wanted. Once the government apprised the court that that was the government's position and that did happen at the sentencing hearing. But then the prosecutor, the government, the judge talked the prosecutor off of a high-end recommendation of 87 months and down to seven, right? No, Your Honor. That's not what happens in the record. The, what happens in the record is the prosecutor asked for an 87-month sentence. The court tells the defendant and the defendant objects. The court says, I can't accept your recommendation then given that objection and the government tells the court that the government is free to ask for whatever sentence it wants because of the defendant's earlier breach. Then the defendant makes a series of arguments and when it goes back again to the government before the, the district court has made any ruling whatsoever on the issue, the government makes the point move because the prosecutor talks to the original prosecutor who was in charge of the case because it was a prosecutor who was substituting at trial. After 14 years, not surprising. Yes, and makes the decision to lower the government's sentencing recommendation after his conversation with you. Do you read that as a unilateral choice by the government rather than anything you got the judge to push? Yes, your honor. I read that as... I read that as, your honor said, I read that as... Can I ask you, just in terms of overall reason for this sentence here, would you agree that an obstruction, a defendant can earn an obstruction by showing up at day 8 for sentencing? Yes, your honor. Well, depending on the specific circumstances of the case... Willfully failing to show up. Oh, yes, your honor. That's an application note in the obstruction of justice and hazards guidelines. That's enough, and here we have 13 years. Yes, a single day is enough, and I would also point out, your honor, in addition to the willfulness failure to appeal, to appear at a, as ordered by the court, there's another application note that refers to an escape from custody, and the government sets forth an argument in its brief that that also would apply in this case, because the defendant was on pretrial release, but in home confinement with an electronic monitoring device, and that there's plenty of case law cited in our obstruction of those being conditions that amount to custody, so his abscondent was, indeed, an escape from custody. So, the enhancement would apply under both application notes, and also Rivera Ansario, which is a recent case by this court that dealt with, I think it was, 12 or 14 months abscondent, and the court said that the sheer length of the notice justified the enhancement application. If this court has no further questions, the government asks for this court to affirm. Thank you. Thank you, counsel. That concludes argument in this case.